UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____
JOHN L. RISNER                                          )
                                                )   CASE NO. 1:06 CV 1953
         Plaintiff,                            )
                                                )
        -vs-                                           )
                                                )   <u>MEMORANDUM OF OPINION AND</u>
SHARON HAINES, et al.,                       )   <u>ORDER GRANTING DEFENDANTS'</u>
                                                )   <u>MOTION FOR SUMMARY JUDGMENT</u>
         Defendants.                        )
_____  )
                                                )

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

This employment discrimination matter comes before the Court on a Motion for Summary Judgment, or in the Alternative for Qualified Immunity, (Doc. 69) filed by Defendants Sharon Haines, Harry Hageman, and Jill Goldhart (collectively "the Defendants").[1] Plaintiff John L. Risner ("Mr. Risner"), a former employee of the Ohio Department of Rehabilitation and Corrections ("ODRC"), alleges the Defendants discriminated against him by counting his reserve military status against him when he sought a job promotion, in violation of the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, et seq.

The Defendants specifically challenge Mr. Risner's USERRA claim as: barred by the statute of limitations under 28 U.S.C. § 1658; barred by laches; inapplicable to the

---

[1] The Court dismissed Mr. Risner's USERRA claims against the State pursuant to the 11th Amendment to the United States Constitution. (Docs. 24, 25).

named Defendants who are, allegedly, not "employers" under USERRA;  lacking in genuine issues of material fact; and, barred by qualified immunity.  (Doc. 69).

Responding in opposition, Mr. Risner maintains: his USERRA claims are not barred by either the statute of limitations or laches; Defendants are "employers" under USERRA; and, each named Defendant committed an actionable discriminatory offense that gives rise to a genuine issue of material fact.  (Doc. 72).  The Defendants submitted a responsive pleading in reply.  (Doc. 73).  The issue is now ripe for consideration.

For the reasons discussed below, the Court will grant the Defendants' Motion for Summary Judgment and dismiss this matter as barred by the four-year limitations period set forth in 28 U.S.C. § 1658(a).  A dismissal predicated on a statute of limitations operates as a judgment on the merits for res judicata purposes.  See Nathan v. Rowen, 651 F.2d 1223, 1226 (6th Cir.1981) (dismissal based upon the statute of limitations is a judgment on the merits); accord, Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006).

**I.      Relevant Background**

Mr. Risner began working for the Ohio Department of Rehabilitation and Correction's ("ODRC") Adult Parole Authority ("APA") in June, 1994.  Mr. Risner was initially assigned as a Parole Officer in the Elyria office within the APA's Mansfield region.  At the time of his hire, Mr. Risner was on inactive military status.  Shortly after he began working as a Parole Officer, Mr. Risner reactivated his status in the Air Force Reserve.  (Risner Dep. 14-25).

2

During the period in which this dispute arose, defendant Sharon Haines was the Regional Administrator of the ODRC for the Mansfield region. (Haines Dep. 7-9). Mr. Risner notes that he had occasion to interact with Ms. Haines in the Elyria and Mansfield offices, but he did not directly report to the Defendant. (Risner Dep. 30-32). Ms. Haines was responsible for approving Mr. Risner's five-week leave of absence in 1997, when he attended Officer Candidate school at McGee Lyson Air force Base in Knoxville, Tennessee. (Risner Dep. 43-44). Mr. Risner notes that Ms. Hines encouraged his Officer's training. (Risner Dep. 45-46). Subsequent to his officer training, Mr. Risner was commissioned as a Second Lieutenant in the United States Air Force. Mr. Risner considered full-time employment with the military but opted to stay with the APA, with Ms. Haines' encouragement. (Risner Dep. 50-55).

In March 1999, Mr. Risner applied for a promotion to the position of Parole Services Supervisor in the Mansfield region. On 22 March 1999, Mr. Risner interviewed for the position before a three-person panel that included Sharon Haines. (Haines Aff. ¶¶2-3; Robert Fenner Aff. ¶¶ 1-2; Beverly Muntean Aff. ¶¶ 1-2). During the course of the interview Mr. Risner raised the issue of his military experience at which point, he maintains, Ms. Haines stated it would be difficult to promote him due to the time away from the job required by his Air Force commitment. (Risner Dep. 73-74). Ms. Haines disputes Mr. Risner's recollection of the conversation. (Haines Dep. 14-15).

After learning of the panel's decision to promote another qualified candidate to the Unit Supervisor position, Mr. Risner wrote Defendant Jill Goldhart, then Deputy Director of the Division of Parole and Community Services ("DPCS"), on 27 April 1999, detailing his allegations of Ms. Haines' discriminatory remarks regarding his military

3

service. In his letter to Ms. Goldhart, Mr. Risner copied attorney Kipley Estep, U.S. Congressman James Trafficant, the United States Department of Labor, and the United States Department of Veterans Affairs. (Risner Dep. 81-84; Exh. E.). Ms. Goldhart responded by letter to Mr. Risner on 5 May 1999, met with the Plaintiff, and promised to initiate an investigation of Mr. Risner's allegations. (Risner Dep. 87; Goldhart Aff. ¶ 5; Exh. F).

On 19 May 1999, the Department of Rehabilitation and Corrections Audits and Investigations Section initiated an investigation into Mr. Risner's allegations conducted by Lori Agriesti ("Ms. Agriesti"), Assistant coordinator of the Audits and Investigations Section. (Exh. G.). Ms. Agriesti interviewed the principals involved in the allegations, as well as others marginally involved, examined related documents, and prepared a report that concluded the evidence did not support Mr. Risner's allegations against Ms. Haines. (Exh. H; Goldhart Aff. ¶ 6).

Soon after Ms. Agriesti's investigation was completed in May 1999, Ms. Haines met with Kevin Patterson, an Assistant Director with the U.S. Department of Labor's Office of the Assistant Secretary for Veteran's Employment and Training Service. (Haines Dep. 30-31). Mr. Patterson questioned Ms. Haines regarding the interview process surrounding Mr. Risner's candidacy for promotion. Mr. Patterson sought further information from Ms Goldhart in July 1999 and received a detailed letter in response. (Exh. I; Goldhart Aff. ¶ 7).

Mr. Patterson notified Ms. Goldhart by letter on 23 December 1999 of his conclusion that Mr. Risner's "military commitment was a factor in the decision not to promote him." (Risner Exh. 10; Goldhart Aff. ¶ 8). During this time, Mr. Paterson

4

advised Mr. Risner that the federal government would pursue a claim on his behalf or the Plaintiff could retain private counsel to pursue a remedy. (Risner Dep. 160-61). Mr. Risner acknowledges that he did not pursue his claim in response to Mr. Paterson's advice. Id. at 161.

Mr. Risner notes he did not further pursue this case until early 2006 when Kathy Scott, the person selected over Mr. Risner for the March 1999 Unit Supervisor position, told him that Ms. Haines had told her she was reluctant to promote Mr. Risner due to his military status. (Risner Dep. 130-32). Ms. Scott completed a "witness statement" in April 2006, in which she claims that Ms. Haines made discriminatory comments during an interview of Mr. Risner in September 1999 for a promotional position before a panel consisting of herself, Ms. Haines and James Dowdell. (Scott Dep. 9; Def. Exh. J). Mr. Risner does not recall appearing before this panel, does not recall applying for any position other than the Unit Supervisor opening in March 1999, and does not believe that he would have applied for any further position after the disappointment at not being selected for promotion in March 1999. (Risner Dep. 127-36).

Despite the material inconsistencies between Ms. Scott's statement and Mr. Risner's account, Mr. Risner and Mr. Patterson, nevertheless, met with Defendant Harry Hageman, the Deputy Director of DPCS succeeding Ms. Goldhart, sometime after 19 May 2006 to press the matter of Ms. Haines' March 1999 remarks. Mr. Hageman testifies that he was prepared to reinvestigate Mr. Risner's allegations should the Plaintiff produce some new evidence, but that neither Mr. Risner nor Mr. Patterson submitted any such evidence. Neither did they provide Mr. Hageman with Ms. Scott's "witness statement." (Hageman Dep. 12-13, 15-16, 31-32, 38). Instead, Mr. Risner and

5

Mr. Peterson sought to have Mr. Risner placed in a Parole Board Hearing Officer position.  (Hageman Dep. 10).

Shortly after meeting with Mr. Hageman, Mr. Risner filed the instant suit on 15 August 2006, in which he alleged discrimination based on his military status, in violation of USERRA, 38 U.S.C. § 4301, et seq.

## II.     Standard of Review

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323;  see also Boretti v. Wiscomb, 930 F.2d 1150, 1156 (6th Cir.1991) (moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial") (quoting Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987)).  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (quoting Fed.R.Civ.P. 56(e)).  Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact

6

making it necessary to resolve the difference at trial." Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir.1995). Read together, Liberty Lobby and Celotex stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Michigan Protection and Advocacy Serv., Inc. v. Babin, 18 F.3d 337, 341 (6th Cir.1994) (marking as standard that the plaintiff must present "more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff"). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. Celotex Corp., 477 U.S. at 324. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" Hancock v. Dodson, 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted).

7

### III.     Analysis

### A. Statute of Limitations

As a threshold matter, the Court must determine whether Mr. Risner's USERRA claim, his sole cause of action, is subject to a federal statute of limitations.  The Defendants maintain Mr. Risner's action runs afoul of the four-year statute of limitations applied to USERRA claims through 28 U.S.C. § 1658(a), for a claim that accrued no later than early 2000, yet was not filed before this Court until 15 August 2006.

Section 1658(a) establishes a four-year statute of limitations for actions arising under federal statutes enacted after 1 December 1990, specifically directing:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. 1658(a).

Mr. Risner contends the four year statute of limitations, enunciated in section 1658, does not apply to USERRA.  The Plaintiff relies upon several grounds to argue against the application of section 1658 to his USERRA claim, including: (1) USERRA falls under the "otherwise provided by law" exception found in § 1658; (2) USERRA created no new rights that did not previously exist under the Veteran's Reemployment Rights Act ("VRRA"); (3) the 2008 amendment to USERRA – the Veterans Benefits Improvement Act ("VBIA") – removed any statute of limitations in 38 U.S.C. § 4327(b) and applies retroactively to Mr. Risner's claim; (4) the Legislative history of USERRA and VRRA indicates Congress did not intend to apply any statute of limitations; (5) and, the Department of Labor regulations recommend against the application of § 1658.

8

Upon a review of the record pleadings, depositions, affidavits, and recent federal court cases addressing the application of § 1658 to USERRA, the Court determines that Mr. Risner's claim is time-barred.

Section 1658 establishes a uniform federal statute of limitations that applies to any action "arising under" a federal statute enacted after 1 December 1990.  See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 37-80 (2004).  Congress enacted USERRA four years after the passage of 28 U.S.C. § 1658.  Under the version of USERRA in effect when Mr. Risner initiated his suit in August 2006, the federal Statute did not include an express federal limitations period and declared only that "[n]o State statute of limitations shall apply to any proceeding under this chapter." USERRA § 2, 38 U.S.C. § 4323(c)(6) (1994).  See Potts v. Howard University Hosp. 623 F. Supp. 2d 68, 72 (D.D.C. 2009) (finding USERRA suit filed in April 2008 subject to the four-year "catch-all" federal statute of limitations provision set forth in 28 U.S.C. § 1658).

Mr. Risner contends section 1658's four-year statute of limitations does not apply to USERRA where § 1658 exempts Acts of Congress that have different, stated limitations periods.  Yet, the "as otherwise provided by law" exception in section 1658 does not apply to USERRA where Congress did not expressly include or exclude a limitations period.  Congress only immunized USERRA from State statutes of limitations.  Congress' clear intention was to address only the application of state, and not federal, statutes of limitations in the face of the prior enactment of section 1658.  As such, Congress did not provide a statute of limitations period for USERRA claims otherwise different from that enunciated in § 1658.

9

The 1994 USERRA statute, under which Mr. Risner raises his claim, did not expressly provide itself exempt from the federal statute of limitations set-forth in § 1658, passed four years previously.  See Middleton v. City of Chicago, 578 F.3d 655, 658 (7th Cir. 2009) (finding the four-year statute of limitations set-forth in § 1658 applicable to claims brought under USERRA); Wagner v. Novartis Pharm. Corp., 565 F.Supp. 2d 940, 945 (E.D. Tenn. 2008) (dismissing the plaintiff's USERRA claims because they were not filed within the four-year federal statute of limitations established in 28 U.S.C. § 1658).  Consequently, as USERRA did not "otherwise provide" for a different limitations period, then the 1994 passage of USERRA is subject to the limitations language of § 1658 enacted in 1990.  See Engine Mfrs. V. S. Coast Air Quality Mgmt. Dist., 541 U.S. 246, 252 (2004) (finding the Court must enforce the terms of the text's statutory language where "the ordinary meaning of that language accurately expresses the legislative purpose.").

In 2004, the United States Supreme Court provided a further refinement of the application of §1658.  In Jones v. R.R. Donnelley & Sons Co., 541 U.S. at 382, the Court determined that "a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 – and therefore governed by § 1658's 4-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."

Mr. Risner maintains § 1658 does not apply to his USERRA claim because USERRA merely extended the rights created under the Veterans' Reemployment Rights Act ("VRRA") and created no new rights.  Accordingly, he insists that USERRA was not

10

the type of Act of Congress contemplated by the Court in Jones, which applied § 1658 to any Act of Congress passed after 1990 that broadened a claimants rights.

In reviewing these broadened rights under USERRA, the Seventh Circuit Court of Appeals recently observed in Middleton:

> In 1994, Congress replaced the VRRA with USERRA "to clarify, simplify, and, where necessary, strengthen the existing veterans' employment and reemployment rights provisions." H.R.Rep. No. 103-65(I), at 18 (1993), as reprinted in 1994 U.S.C.C.A.N. 2449, 2451; see also S. Rep. No. 103-158, at 33 (1993) (noting that USERRA "would restructure, clarify, and improve" the VRRA). Among other improvements, if an employer engaged in willful discrimination, USERRA permitted a plaintiff to seek liquidated damages, a form of relief unavailable under the VRRA. See USERRA sec. 2, § 4324(c)(1)(A)(iii). With that new provision, Congress converted what had been an equitable claim into a legal one, which brought along the corresponding right to a jury trial. Consequently, USERRA established additional rights and liabilities that did not exist under the VRRA.

Middleton, 578 F.3d at 659 (citations omitted). USERRA provided claimants the opportunity to avail themselves of remedies formerly withheld under the VRRA, namely, liquidated damages and a jury trial.

Further, USERRA broadened the basis upon which a plaintiff, such as Mr. Risner, might successfully allege discrimination. The VRRA required Mr. Risner to allege that discrimination was the *sole* factor motivating the adverse employment action; under USERRA a plaintiff need only show an improper animus was a "motivating factor" in the employment decision.[2]

---

[2]As the District Court in Massachusetts pointed out in O'Neil v. Putnam Retail Management, LLP, 407 F.Supp. 2d 310, 316, in finding § 1658 applicable to the plaintiff's USERRA claim:

> [O]ne of the factors motivating Congress in passing USERRA was to broaden the protections afforded by VRRA as interpreted by the Supreme Court in Monroe [v. Standard Oil Co., 452 U.S. 549, 559 (1981)]. See H.R.Rep. No. 103-65 (1993), reprinted in 1994 U.S.C.C.A.N. 2449, 2457; see also Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002) ("USERRA replaced the 'sole motivation' test with a more lenient

Under the decision in Jones, if the rights and liabilities of the parties have been substantively effected by an Act of Congress then that Act of Congress is subject to the four-year limitations period in § 1658.  In this instance, Mr. Risner's rights and liabilities have been affected by the enactment of USERRA, as it has allowed him to broaden his claim to include a trial by jury and liquidated damages, while also lowering the burden of evidence necessary to prove his claim.  The rights and liabilities substantively affected – i.e. created – by the passage of USERRA are precisely the type contemplated by the Supreme Court in Jones as falling within the ambit of the four-year statute of limitations in section 1658.

Applying Jones in this instance indicates that Mr. Risner's USERRA claims arise under an Act of Congress governed by § 1658.  Thus, even though the 1994 passage of USERRA was an amendment to the VRRA, Courts have unanimously followed Jones in recognizing that USERRA materially broadened the rights available to litigants, bringing USERRA within the ambit of § 1658's statute of limitations.  See Wagner v. Novartis Pharmaceuticals Corp., 565 F.Supp. 2d at 945.  Other federal jurisdictions are in accord.  See Middleton, 578 F.3d at 659-60;; Hogan v. United Parcel Service, 2009 WL 2058803 (W.D. Mo., 13 July 2009); Potts v. Howard University Hosp., 623 F.Supp. 2d at 72; Aull v. McKeon-Grano Associates, Inc., 2007 WL 655484 (D. N.J., 26 February

---

standard that requires only that the employee's military status was 'a motivating factor' in the employer's action."); Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001) ("The USERRA was enacted in congressional response to the Supreme Court's decision in Monroe .... The 1994 enactment broadened the statute by providing that violation occurs when a person's military service is a 'motivating factor' in the discriminatory action, even if not the sole factor."); Hill v. Michelin N. Am., Inc., 252 F.3d 307, 312 (4th Cir.2001).  Moreover, prior to the passage of USERRA, the First Circuit followed Monroe in requiring that discrimination based on military service be the sole factor behind the employer's action.  See Diaz-Gandia v. Dapena-Thompson, 90 F.3d 609, 613 (1st Cir.1996).

2007); O'Neil v. Putnam Retail Management, LLP., 407 F.Supp. 2d 310 (D. Mass 2005); Nino v. Haynes Intern., Inc., 2005 WL 4889258 (S.D. Ind., 19 August 2005); Rogers v. City of San Antonio, 392 F.3d 758 (5th Cir. 2004).

Mr. Risner also maintains that the 10 October 2008 enactment of the Veterans' Benefits Improvement Act ("VBIA"), Pub.L. No. 110-389, 122 Stat. 4145, represents proof of Congress' intent that USERRA should be regarded as having no statute of limitations. The VBIA contains a provision explicitly removing any limitations period from USERRA, specifically directing:

> If any person seeks to file a complaint or claim with the secretary [of labor], the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

VBIA § 311, 38 U.S.C. § 4327(b).

Mr. Risner urges a retroactive application of VBIA to his USERRA claim. Yet, it is well established that a court must refrain from applying a newly enacted statutory provision retroactively unless Congress has explicitly set forth such an extension. See Hughes Aircraft Co. V. United States ex rel. Schumer, 520 U.S. 939, 946-47 (1997). The VBIA makes no mention of the application of § 4327(b) as retroactive and, as such, the absence of an express indication from Congress is fatal to Mr. Risner's argument. Moreover, Mr. Risner's claim, which effectively accrued in 1999, or early 2000, was already time-barred when §4327(b) became law.

Finally, the Court agrees with the analysis rendered by the Seventh Circuit Court of Appeals in Middleton that, in disposing of any statute of limitations, §4327(b) of the VBIA did not "clarify" USERRA but, rather, substantively changed the law so that § 1658

13

would not apply.  See Middleton, 578 F.3d at 663-4.  USERRA was unambiguous about the application of a statute of limitations and, as such, the VBIA was a substantive amendment and not a clarifying one.  See Piamba Cortes v. Am. Airlines, Inc., 177 F.3d 1272, 1283 (11th Cir. 1999).  Accordingly, the VBIA's substantive amendment of USERRA is subject to a presumption against retroactivity which has not been overcome in this instance.  In short, the VBIA does not apply to Mr. Risner's claim.

Mr. Risner, further, relies upon materials extrinsic to USERRA to suggest that Congress did not intend for a statute of limitations to apply.  The Plaintiff marshals the legislative history of USERRA and of the VRRA, as well as regulations issued by the Department of Labor ("DOL"), to bolster his contention that no statute of limitations applies to his USERRA claim.

Courts look to a statute's language as a measure of Congress' intent.  Where that language is clear, as it is here on the question of the application of a limitations period to USERRA, the Court will look to the legislative history only to gauge whether Congress conveyed a clear, contrary intention.  See Exxon Mobil Corp. V. Allapattah Serv. Inc., 545 U.S. 546 (2005).  Upon reviewing the record, the Court does not find that Congress expressed a clear intention contrary to the clear statutory language of USERRA.  Instead, USERRA expressly, and only, precludes the application of any State statute of limitations and Congress did not indicate that USERRA should be immune from the four-year limitations period of § 1658.

Further, the DOL regulations have no application in this instance.  Relying upon judicial decisions prior to the Supreme Court's determination in Jones, the DOL regulations, nevertheless, recognize "there are conflicting decisions regarding the

14

applicability of section 1658 to USERRA and the issue will ultimately be resolved by the courts." USERRA Preamble, 70 Fed. Reg. 75,246, 75,288 (Dec. 19, 2005). In addition, courts defer to an agency's reasonable interpretation of a statute only where the statutory text leaves the precise question ambiguous or unaddressed. Neither scenario is evident here. Instead, USERRA did immunize against a State's statute of limitations and did not immunize against the application of § 1658. Accordingly, neither the Act's legislative history nor the DOL's interpretation of USERRA surmount the language of the statute which clearly fails to immunize USERRA claims from the application of the four-year limitations period defined in § 1658.

### IV. CONCLUSION

Mr. Risner initiated his suit more than four years after his claims accrued. Accordingly, Mr. Risner's USERRA claims are barred by the four-year statute of limitations applied to USERRA through 28 U.S.C. § 1658. Mr. Risner's action is dismissed in its entirety.

IT IS SO ORDERED.

                                                 /s/Lesley Wells
                                                UNITED STATES DISTRICT JUDGE